JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-670 AG (JPRx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | MARK KERANS, et al. v. NEW CENTURY MORTGAGE CORP., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Pro se Plaintiffs Mark Kerans and Theresa Kerans ("Plaintiffs") filed a foreclosure-related action on March 7, 2012 against Defendants New Century Mortgage Group, BAC Home Loans, ReconTrust Company, Redline Investments, and Tymeout LP.  (*Kerans v. New Century Mortgage Group*, Case No. SACV 12-356 AG (JPRx) (*Kerans I*).)  The caption of the Complaint stated "FOR THE RECORD WRONGFUL FORECLOSURE ENJOIN WRONGFUL EVICTION."  The Court dismissed that action on March 16, 2012 for lack of subject matter jurisdiction.

On May 1, 2012, Plaintiffs filed a second, nearly identical, foreclosure-related action in this Court against Defendants BAC Home Loans, Deutsche Bank National Trust Company, Redline Investments, and Tymeout LP.  The caption of the Complaint again states "FOR THE RECORD WRONGFUL FORECLOSURE ENJOIN WRONGFUL EVICTION."

The jurisdiction section of Plaintiffs' Complaint in *Kerans I* alleged diversity jurisdiction under 28 U.S.C. § 1332.  But elsewhere in that Complaint, Plaintiffs alleged that all

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-670 AG (JPRx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | MARK KERANS, et al. v. NEW CENTURY MORTGAGE CORP., et al. | | |

parties were citizens of California and that the amount in controversy was $10,000. This time, Plaintiffs state that "[j]urisdiction . . . is based on the 7th amendment to the Bill of rights as this is a 'suit at Common Law' and the value in controversy exceeds twenty dollars. Jurisdiction is further based on Article 1, Section 10 of the U.S. Constitution which prohibits states from making anything but bold [sic] and silver coin a tender in payments of debts." (Complaint at 2-3.) As in *Kerans I*, Plaintiffs' claims are not specifically identified anywhere in the Complaint.

Plaintiff's case is DISMISSED for lack of subject matter jurisdiction. As the Court told Plaintiffs when dismissing *Kerans I* for the same reason, their claims for wrongful foreclosure and wrongful eviction appear more appropriate for resolution in *state* court.

**DISPOSITION**

This case is DISMISSED without prejudice for lack of subject matter jurisdiction. Before filing further lawsuits in federal court, Plaintiffs are urged to review the vexatious litigant provisions under California Code of Civil Procedure § 391.

_____ : 0

Initials of
Preparer      lmb